IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY SHELDON (BOP Register No. 13437-045), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:19-cv-1469-M-BN |
| WARDEN MARTHA UNDERWOOD, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Gary Sheldon, a federal prisoner, brings *pro se* claims related to a condition of his confinement at FCI Seagoville, an institution in this district. *See* Dkt. No. 3. His case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

Although Sheldon, convicted of receipt of child pornography in the Western District of Missouri, characterizes this lawsuit as a habeas action under 28 U.S.C. § 2241, *see generally* Dkt. No. 3, he challenges, on constitutional grounds, the Bureau of Prisons's classifying him as a sex offender, *see id.* at 5-6.

As to suits filed by prisoners, "[w]hich statutory vehicle to use depends on the nature of the claim and the type of relief requested, the instructive principle being that challenges to the fact or duration of confinement are properly brought under habeas, while challenges to the conditions of confinement are properly brought[, for federal

prisoners,] under *[Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)]." *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017) (footnote omitted).[1]

The classification challenge that Sheldon now asserts is properly made in an action under *Bivens*. *See Dimmick v. Bourdon*, ___ F. App'x ___, No. 18-4051, 2019 WL 1849044, at *3 (10th Cir. Apr. 25, 2019) (Petitioner "complains of the stigma associated with being classified as a sex offender and the obligation to participate in sex offender treatment programs. Whatever the merits of these claims, they may be pursued in § 1983 proceedings rather than a habeas petition." (citations omitted)); *Gbor v. Entzel*, No. ED CV 17-1666-R (PLA), 2017 WL 6755113, at *2 (C.D. Cal. Nov. 30, 2017) ("Here, petitioner's ground for relief does not implicate his conviction or the duration of his

---

[1] *See also Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009) (per curiam) ("Where 'a prisoner challenges an unconstitutional condition of confinement or prison procedure that affects the timing of his release from custody,' the proper vehicle is a civil rights action if a determination in the prisoner's favor will not automatically result in his accelerated release." (quoting *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997))); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) ("We hold that to the extent Tucker challenges the fact or duration of his confinement, the district court should have construed Tucker's complaint as a petition for habeas corpus under 28 U.S.C. § 2241. To the extent Tucker's complaint seeks damages for civil rights violations, his complaint is construed as a *Bivens* action." (citations and footnote omitted)); *Klein v. Chandler*, No. 4:13-cv-372-Y, 2013 WL 2634400, at *3 (N.D. Tex. June 11, 2013) ("As the United States Court of Appeals for the Fifth Circuit recently reiterated in noting that a federal prisoner's challenges to the conditions of her confinement should be raised in an action under *Bivens v. Six Unknown Named Agents*, '[a]llegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions.'" (quoting *Schipke v. Van Buren*, 239 F. App'x 85, 85-86 (5th Cir. 2007) (per curiam))).

sentence. Instead, he complains only of an alleged effect on his custody classification. ... As that complaint implicates only his condition of confinement, it is not properly raised in a habeas petition." (collecting cases)), *rec. accepted*, 2017 WL 6734173 (C.D. Cal. Dec. 21, 2017); *Gipson v. Tex. Bd. of Pardons & Paroles*, No. 3:04-cv-316-D, 2004 WL 594506, at *1 (N.D. Tex. Mar. 16, 2004) ("Plaintiff Earnie Gipson filed a *pro se* [application for writ of habeas corpus under 28 U.S.C. § 2254] challenging his classification as a sex offender and a special condition of his mandatory supervised release that requires him to participate in a sex offender treatment program. ... Upon more careful review of this pleading, it appears that plaintiff is challenging the conditions of his mandatory supervision, not the fact or duration of his confinement. The proper vehicle for raising such a claim is a civil rights action under 42 U.S.C. § 1983, not a habeas corpus proceeding under 28 U.S.C. § 2254." (citations omitted)).

The Court should therefore dismiss this habeas action without prejudice to Sheldon's refiling his claims under *Bivens*.

## Recommendation

The Court should dismiss this action without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 28, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE